Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000738
20-JUN-2014
08:01 AM

NO. CAAP-14-0000738

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHARLES LEE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DCW-13-0000125)

ORDER DISMISSING THE APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Charles Lee's (**Appellant Lee's**) appeal from the District Court of the Fifth Circuit's (**district court's**) Judgment/Order and Notice of Entry of Judgment/Order, filed on October 24, 2013, and Judgment/Order and Notice of Entry of Judgment/Order, filed on March 14, 2014, because they do not qualify as final, appealable judgments under

Hawaii Revised Statutes (**HRS**) § 641-12 (Supp. 2013),[1] Hawai'i

Rules of Appellate Procedure (**HRAP**) Rule 4(b)(3), and the holding

in <u>State v. Bohannon</u>, 102 Hawai'i 228, 236, 74 P.3d 980, 988

(2003). Both judgments lack (1) a sentence, as <u>State v. Kilborn</u>,

109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005), requires; and

(2) a signature of the district court judge or clerk, as Hawai'i

Rules of Penal Procedure (**HRPP**) Rule 32(c)(2) requires.

"The right to an appeal is strictly statutory." <u>State

v. Ontiveros</u>, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996)

(citation omitted). "Appeals from the district court, in

criminal cases, are authorized by HRS § 641-12, which . . .

provides in pertinent part that appeals upon the record shall be

allowed from all final decisions and final judgments of district

courts in all criminal matters." <u>Ontiveros</u>, 82 Hawai'i at 449,

923 P.2d at 391 (internal quotation marks and brackets omitted).

HRPP Rule 32(c)(2) expressly requires the following:

> A judgment of conviction in the district court shall set
> forth the disposition of the proceedings and the same shall
> be entered on the record of the court. The filing of the
> written judgment, or in the event of oral judgment, the
> filing of the written notice of entry of judgment, in the

---

[1] HRS § 641-12 provides:
> <u>Appeals upon the record shall be allowed from all</u>
> <u>final decisions and final judgments of district courts in</u>
> <u>all criminal matters</u>. Such appeals may be made to the
> intermediate appellate court, subject to chapter 602
> whenever the party appealing shall file notice of the
> party's appeal within thirty days, or such other time as may
> be provided by the rules of the court.
>     Within a reasonable time after an appeal has been
> perfected from a decision of a district court to the
> appellate court in a criminal matter, it shall be incumbent
> upon the district court to make a return thereof, together
> with all papers and exhibits filed in such case.
>     It shall be the duty of the clerk of the supreme to
> transmit within a reasonable time to the district court from
> whose decision the appeal was made, a statement showing the
> disposition of the case.

(Emphasis added.)

office of the clerk constitutes entry of judgment. The judgment or notice of entry shall be signed by the judge or by the clerk, if the judge so directs.

Furthermore, "[a] judgment or order is entered within the meaning of this subsection when it is filed with the clerk of the court." HRAP Rule 4(b)(3).

Based on HRPP Rule 32(c)(2) and HRAP Rule 4(b)(3), the Supreme Court of Hawai'i has held that, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." Bohannon, 102 Hawai'i at 236, 74 P.3d at 988. Furthermore, we have held that when district courts find defendants guilty of any charged crime, those "[j]udgments of conviction are not final unless they include the final adjudication and the final sentence." Kilborn, 109 Hawai'i at 442, 127 P.3d at 102.

Therefore, in order to be final and appealable under HRS § 641-12, a district court judgment must reflect the court's final decision by satisfying four requirements. It must

> (1) be a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3), as the holding in Bohannon requires;
>
> (2) contain the district court's disposition of the charged crimes, as HRPP Rule 32(c)(2) requires;
>
> (3) contain the signature of either the district court judge or clerk, as HRPP Rule 32(c)(2) requires; and
>
> (4) contain the final sentence, if the district court has found the defendant guilty, as the holding in Kilborn requires.

In the instant case, the October 24, 2013 Judgment and the March 14, 2014 Judgment appear to satisfy the first

-3-

requirement because they are in writing and were filed with the district court clerk pursuant to HRAP Rule 4(b)(3). Further, the October 24, 2013 Judgment satisfies the second requirement for a district court judgment because it contains the district court's finding of guilt as to the charge of Assault in the Third Degree.

However, neither the October 24, 2013 Judgment nor the March 14, 2014 Judgment satisfies the third and fourth requirements because neither judgment contains the signature of the district court judge or clerk and neither judgment contains a final sentence.[2]

Therefore, neither the October 24, 2013 Judgment nor the March 14, 2014 Judgment is a final, appealable judgment under HRS § 641-12. Absent a final, appealable judgment under HRS § 641-12, we cannot exercise appellate jurisdiction over appellate court case number CAAP-14-0000738, and Appellant Lee's appeal is premature.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further.
>
> Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, *sua sponte*, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citations, quotation marks, brackets in original, and ellipsis omitted; emphasis added); Peterson v.

---

[2] In the March 14, 2014 Judgment there are various markings apparently related to sentencing, but with numerous items crossed out. Any attempt to indicate the sentence cannot be deciphered.

-4-

Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000738 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 20, 2014.

Presiding Judge

Associate Judge

Associate Judge